UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81279-CIV-MARRA

YESSENIA SOFFIN, POKER PRO MEDIA
WORLDWIDE, INC., and ISOCIAL MEDIA, LLC,

    Plaintiffs,

vs.

ECHANNEL NETWORK, INC., and
FACEBOOK, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Facebook, Inc.'s Motion to Dismiss (DE 24) and Motion to Amend Its Motion to Dismiss (DE 35). The Motions are ripe for review.

**I. Background**

According to the allegations of the complaint, Yessenia Soffin is a principal of Poker Pro Media Worldwide, Inc. ("PPMW"), and the principal of iSocial Media, LLC. Am. Compl., ¶¶ 9-15 (DE 9). On February, 2012, the United States Patent and Trademark Office ("USPTO") issued Yessenia Soffin a trademark for "Poker Pro" with a "first use" and "first use in commerce" designation of 2004. *Id.*, ¶ 26. On October 23, 2012, the USPTO issued Yessenia Soffin a trademark for "ISOCIAL" with a "first use" and "first use in commerce" designation of 2011. *Id.*, ¶ 18. In February, 2012, it was discovered that Defendant eChannel was infringing upon Plaintiffs' rights by using the names "Ultimate Poker Pro" and "YouSocial." *Id.*, ¶¶ 19-22. In particular, eChannel caused Facebook to place an ad for "Ultimate Poker Pro" on PPMW's Facebook page.

*Id.* In April, 2012, eChannel changed its name to "Ultimate Qublix," but continued to maintain some infringing websites and Facebook pages. *Id.*, ¶ 32. In June, 2012, Facebook agreed to remove the infringing advertisement, but refused to remove the infringing Facebook pages. *Id.*, ¶ 42-45. Both Plaintiffs Yessenia Soffin and PPMW have Facebook accounts, but iSocial Media, LLC does not. *Id.*, Resp., p. 3, n. 2 (DE 32); Soffin Aff. (DE 32-1). Plaintiffs Yessenia Soffin and PPMW acknowledge that by virtue of having Facebook accounts, they have agreed to be bound by Facebook's Terms of Service. Resp., p. 3, n. 2 (DE 32). Facebook's Terms of Service include a forum selection clause requiring legal disputes to be resolved in Santa Clara County, California. On March 8, 2013, Yessenia Soffin executed a Trademark Assignment, and assigned all right, title, and interest in the "Poker Pro" trademark to iSocial Media, LLC. Soffin Aff. (DE 32-1). Plaintiffs Yessenia Soffin and PPMW voluntarily dismissed their claims, leaving iSocial Media, LLC as the only Plaintiff in this case. Plaintiff asserts trademark infringement, unfair competition, and trademark dilution against eChannel (Counts I, II, V, VI, VII, and VII); and contributory trademark infringement, and deceptive and unfair trade practices against Facebook (Counts II, IV, and X).

Facebook moved to transfer this case to the Northern District of California under 28 U.S.C. § 1404(a) and the forum-selection clause of its Terms of Service.[1]

---

[1] Initially, Facebook moved to dismiss the claims against it on the basis of Plaintiff's selection of a venue other than the venue designated by Facebook's Terms of Service. Subsequently, the Supreme Court ruled that a contractual forum selection clause should be enforced by a motion to transfer under 28 U.S.C. § 1404(a), rather than by a motion to dismiss pursuant to 28 U.S.C. § 1406(a) or Rule 12(b)(3). *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013). Thus, Facebook moved to amend its motion to request a transfer to the Northern District of California. (DE 35). Plaintiffs did not oppose this change in the requested relief. (DE 36). Accordingly, Facebook, Inc.'s Motion to Amend Its Motion to Dismiss for Improper Venue (DE 35) is **GRANTED**. Because the Court finds that the transfer is proper, the Court does not address Facebook's Motion to Dismiss for failure to state a claim.

## II. Legal standard

A contractual forum-selection clause may be enforced through a motion to transfer pursuant to 28 U.S.C. § 1404(a).  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013).  Section 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C.A. § 1404 (West).  If there is a valid forum-selection clause, plaintiff's choice of forum is entitled to no weight, and the contractual venue selection controls.  *Atl. Marine Const. Co., Inc.* 134 S. Ct. at 581.  Further, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."  *Id.*  A court may consider affidavits when ruling on a motion for transfer under section 1404(a). *See Marbury-Pattillo Const. Co., Inc. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 n. 26 (1981).

## III. Discussion

There is no disagreement in this case as to whether Facebook's Terms of Service and the included forum-selection clause are valid, and whether Yessenia Soffin and PPMW are bound by them.  The disagreement centers on whether iSocial Media, LLC is subject to this contract.  Because Yessenia Soffin and PPMW are no longer parties to this action, and Plaintiff iSocial Media, LLC has never had a Facebook page, Plaintiff argues that it is not bound by Facebook's Terms of Service.  In response, Facebook provides the Articles of Incorporation for iSocial Media, LLC filed on December 17, 2012.  (DE 34-3).  Because the alleged infringement occurred prior to the formation of iSocial Media, LLC and all iSocial Media, LLC's rights are derived from the rights possessed by

Yessenia Soffin and PPMW, both of whom are bound by the forum-selection clause, Facebook argues that iSocial Media, LLC is bound by this provision as well. The Court agrees.

Generally, "an unqualified assignment transfers to the assignee all the interests of the assignor in and to the thing assigned," and "[t]he assignee steps into the shoes of the assignor and is subject to all equities and defenses that could have been asserted against the assignor had the assignment not been made." *Univ. Creek Associates, II, Ltd. v. Boston Am. Fin. Group, Inc.*, 100 F. Supp. 2d 1337, 1341 (S.D. Fla. 1998). Accordingly, iSocial Media, LLC is subject to the same limitations as Yessenia Soffin, the assignor. Thus, iSocial Media, LLC is bound by Facebook's forum-selection clause, and this case against Facebook should be transferred to the Northern District of California.

**IV. Conclusion**

Accordingly, Facebook, Inc.'s Motion to Transfer (initially filed as Motion to Dismiss) (DE 23) and Motion to Amend Its Motion to Dismiss (DE 35) are **GRANTED**. Plaintiff iSocial Media, LLC's case against Facebook is **TRANSFERRED** to the District Court for the Northern District of California. This case shall remain pending as to Defendant eChannel Networks, Inc.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2014.

_____
KENNETH A. MARRA
United States District Judge